# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 12-20104-03-KHV |
| STACY SEWELL, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

On August 8, 2012, a grand jury returned a two-count indictment against three defendants.[1] Indictment (Doc. #1). The indictment charged Stacy Sewell with one count of knowingly engaging in the business of dealing in explosive materials without a license to do so. This matter is before the Court on Sewell's Motion To Dismiss (Doc. #18) filed September 1, 2012. For the reasons set forth below, the Court overrules defendant's motion.

## Facts

Sewell recites certain undisputed facts that underlie the indictment. On July 4, 2010, law enforcement officers discovered Pedro Rodriguez selling illegal fireworks. He told the officers that he had purchased the fireworks from "Pyro Jo" or "Jo Jo" in the back of a building at 18th and Central Avenue in Kansas City, Kansas. When officers went to the building that Rodriguez identified, they found the door open and a man later identified as Joseph Quinn standing there.[2]

---

[1] The indictment named as defendants Joseph E. Quinn, Patrick Quinn and Stacy Sewell a.k.a. Stacy Collins.

[2] Sewell asserts that Joseph Quinn was standing inside the building. See Doc. #18 at 1. The government alleges that Joseph Quinn was standing just outside the building. See Doc. #24 at 2.

Quinn gave Fire Department Chief R. Lovell permission to enter the building, and Lovell entered and spoke to Patrick Quinn and Sewell. While two detectives were speaking with Joseph Quinn, Lovell discovered several open boxes of fireworks in the north side of the building. Officers then arrested Joseph Quinn, Patrick Quinn and Sewell. Rodriguez was unable to identify Sewell in a photographic line-up and he did not allege that anyone had helped Joseph Quinn sell him the illegal fireworks.

## Analysis

In ruling on a motion to dismiss, the Court looks solely to the allegations on the face of the indictment and accepts such allegations as true. See United States v. Reitmeyer, 356 F.3d 1313, 1317-18 (10th Cir. 2004). The Court does not determine whether the government has presented sufficient evidence to support the charge, but only at whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense. United States v. Hall, 20 F.3d 1084, 1087 (10th Cir. 1994). Defendant essentially challenges the sufficiency of the evidence supporting the facts alleged, which must be determined at trial. See United States v. Kilpatrick, 821 F.2d 1456, 1462 n.4 (10th Cir. 1987). For that reason, and for substantially the reasons set forth by the government, the Court overrules defendant's motion to dismiss.

**IT IS THEREFORE ORDERED** that Stacy Sewell's Motion To Dismiss (Doc. #18) filed September 1, 2012 be and hereby is **OVERRULED.**

Dated this 2nd day of November, 2012 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge